UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD L. HURCHANIK,   Case No. 1:10-cv-42

    Plaintiff,   Spiegel, J.
                                        Bowman, M.J.

    v.

BUTLER COUNTY COMMISSIONERS,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Richard L. Hurchanik, proceeding *pro se*,[1] filed a complaint alleging that Defendants, the Butler County Commissioners, unlawfully discriminated against him during the course of his employment.  Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) and Rule 12(b)(6), to which Plaintiff filed a response and Defendants, a reply.  Pursuant to local practice, Defendants' motion (Doc. 8) has been referred to the undersigned for initial consideration and a Report and Recommendation.  For the reasons that follow, I recommend that the motion be granted.

**I. Background**

Plaintiff alleges in his complaint that he is licensed to practice law in Ohio, and that he has been "employed by Butler County as a public defender/court appointed lawyer since about 1987." (Doc. 1 at 2).  Plaintiff alleges that the Defendant Commissioners notified him on November 14, 2008 that he would not be renewed on the list of public defenders for the

---

[1] Plaintiff is himself a licensed attorney.

following year. Plaintiff filed a charge of discrimination with the Equal Opportunity Employment Commission (EEOC) on February 27, 2009, but received a notice that the EEOC had closed his case without further action because the "charging party lacks standing to file as an employee." (*Id*. at 2-3). Plaintiff asserts that the "real motive and reason to terminate the Plaintiff was to retaliate for the Plaintiff being one of the attorneys attending the Butler County Commissioners meeting regarding a plan to modify the court-appointed list." (*Id*. at 3). Ultimately, Plaintiff alleges that the Defendants "reduced the number of attorneys and terminated the older and/or predominately male attorneys." (*Id.* at 4). Plaintiff is white, but alleges that the Defendants reduced the number of white, male attorneys while "retaining almost all or all the black and other minority attorneys." (*Id.* at 5). Similarly, he alleges that Defendants "predominantly terminated ...older male attorneys while keeping a discriminating number of younger female attorneys." (*Id.* at 4).

In his federal complaint, Plaintiff alleges that his removal from the public defender list was the result of age, sex, and race discrimination, as well as in retaliation "for exercising his rights to be employed as an elderly person." (*Id.* at 3). In addition to claims under Title VII, 42 U.S.C. §2000e *et seq.*, Plaintiff has asserted a claim of racial discrimination,[2] a claim of age discrimination under the ADEA, 29 U.S.C. §621 et seq., and related discrimination claims under state law.

---

[2] Although Plaintiff cites 42 U.S.C. §1987 as the jurisdictional basis of his claim of racial discrimination, that statute appears inapposite to Plaintiff's claim. The court assumes that Plaintiff intended to cite 42 U.S.C. §1981; however, resolving the discrepancy is irrelevant in light of the recommended dismissal of Plaintiff's racial discrimination claim.

2

**II. Analysis**

**A.    Dismissal of Race and Sex Discrimination Claims
and of Retaliatory Discharge Claim Under Title VII**

Defendants' motion for judgment on the pleadings first argues that Plaintiff's Title VII claims for sex and race discrimination, as well as his claim for retaliatory discharge, all should be dismissed based upon Plaintiff's failure to include any of those claims in his EEOC charge. Plaintiff fails to address this argument in his response.

Defendant suggests that Plaintiff's failure to include the claims in his EEOC charge deprives this court of subject matter jurisdiction. Although the Sixth Circuit held that the requirement that a claim be included in administrative proceedings is jurisdictional in *Ang v. The Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir. 1991), that holding has been abrogated by more recent cases.  *See Hill v. Nicholson*, 383 Fed. Appx. 503 (6th Cir. 2010)(holding that requirement is not jurisdictional in Title VII context); *see also Union Pacific R. Co. v. Brotherhood of Locomotive Engineers*, 130 S. Ct. 584, 596 (2009)(citing cases holding that various Title VII provisions are nonjurisdictional); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401-02 (6th Cir. 2008). Therefore, any defect in administrative exhaustion is not, strictly speaking, a jurisdictional one.

Nevertheless, Title VII requires as a statutory prerequisite to filing suit in this court that the complainant first file a charge with the EEOC. Based on this statutory prerequisite, the Sixth Circuit has repeatedly held that a plaintiff's civil complaint under Title VII is limited by the scope of the investigation which could have "reasonably expected to grow out of the charge of discrimination." *Randolph v. Ohio Dept. Of Youth Services,* 453 F.3d 724 (6th Cir.

3

2006)(quoting *Ang v. The Procter & Gamble Co.,* 932 F.2d 540, 545 (6th Cir. 1991))*; see also, e.g., Gray v. U.S. Postal Service*, 133 F. Supp.2d 593, 597-598 (N.D. Ohio 2001)(affirming dismissal of discrimination claim based on sex where EEOC charge referenced only national origin and retaliation); *Jones v. City of Franklin*, 309 Fed. Appx. 938 (6th Cir. 2009)(where plaintiffs' EEOC allegations focused on racial discrimination concerning evaluation scores and a failure to promote, but failed to include many incidents where white firefighters made racially derogatory remarks or engaged in hostile conduct directed at black firefighters, employer would not have been put on notice of hostile work environment claim).

Examination of the EEOC charge attached to the complaint confirms that Plaintiff alleged only age discrimination before the EEOC. (Doc. 1-1). In addition to clearly stating on his EEOC form that he was discriminated against on November 14, 2008 as a result of his age, with no markings to suggest any other form of discrimination, Plaintiff clearly states in the narrative section of the EEOC form that he believes he has "been discriminated against because of my age." *Id.* There are no allegations whatsoever relating to Plaintiff's gender or race, or to any retaliatory conduct. Defendants' motion to dismiss should be granted as to Plaintiff's claims of race discrimination, sex discrimination, and retaliation, because Plaintiff clearly failed to satisfy the statutory prerequisite of exhausting his administrative remedies with respect to those claims.

    **B.**    **Failure to Allege Policy or Custom**

Defendants additionally argue that Plaintiff's complaint fails to state a claim because the Butler County Commissioners, as a local governmental entity, cannot be held liable for employment discrimination absent an allegation that the discriminatory conduct implements

4

"a policy statement, ordinance, regulation, or decision officially adopted by" the governmental body's officers. *Monell v. Dept. of Soc. Services*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978). Plaintiff makes no such allegation.

However, dismissal is not appropriate on this basis because *Monell* and its progeny concerned *respondeat superior* liability under 42 U.S.C. §1983, which is very different than liability under Title VII. Under Title VII, a municipal employer may be held vicariously liable for the acts of its supervising officials regardless of the existence of any official policy. *See, e.g., Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1013-14 (6th Cir. 1987).

### C.     Failure to Allege Employment Relationship

Defendants further contend that they cannot be held liable because Plaintiff is an independent contractor and not an employee of the Butler County Public Defender's Office. Although Title VII is construed liberally, the Sixth Circuit has held that the protections of Title VII and other federal employment discrimination statutes do not extend to independent contractors. *See, e.g., Shah v. Deaconess Hosp.*, 355 F.3d 496, 499 (6th Cir. 2004).

Plaintiff alleges that he was "employed by Butler County" but also attaches to his complaint a 1099-Misc Income Form from the 2007 tax year, issued from the Butler County Auditor's office. (Doc. 1-1 at 4). Thus, Plaintiff does not claim to be a traditional employee who received a W-2 from the defendant Commissioners, but instead argues based on case law cited in his complaint that he should be considered to be an employee of the Defendants because Defendants "have the power to control hiring and firing of public defenders, court-appointed attorneys." (Doc. 1 at 2).

None of the cases relied upon by Plaintiff stand for the proposition that an attorney

5

who serves on a public defender list but is paid only as an independent contractor should be considered to be an "employee" of the governmental entity for purposes of Title VII. In two of the cases cited by Plaintiff, the issue was not even remotely touched upon. In the third case, *Ellerby v. State of Illinois*, 46 FEP 1430, 57 USLW 2467, 1988 WL 131568 (N.D. Ill. Dec. 6, 1988), the plaintiff was a female candidate for an assistant public defender's position with the court. The defendant, a full-time public defender statutorily charged with appointing his assistants, had moved for summary judgment on the basis that he was not a "state actor." Based on the statutory scheme and the facts alleged, the court held only that plaintiff had alleged sufficient facts to survive summary judgment on that specific ground. The court did not address whether and under what circumstances an attorney who serves on a panel for indigent representation may be considered to be an "employee" for purposes of Title VII.

Courts that have been faced with the issue have squarely held that such an attorney is not to be considered an "employee" for purposes of employment discrimination statutes such as Title VII and the ADEA. *See, e.g., Jacobson v. Schwarzenegger,* 357 F. Supp.2d 1198, 1213-1214 (C.D. Ca. 2004)(dismissing pro se attorney's employment discrimination claims because allegations insufficient to show panel attorney was employee rather than independent contractor); *Thomas v. Held*, 941 F. Supp. 444 (S.D. N.Y. 1996)(relationship between New York state and attorney was that of an independent contractor and not employee, precluding recovery under ADEA for alleged wrongful denial of recertification to criminal defense panel). This conclusion is not surprising in light of case law holding that public defenders are not generally considered to be "employees" or "government actors" in other contexts. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325

(1981)(public defender not government actor under §1983); *Sullivan v. Freeman*, 944 F.2d 334, 336 (7th Cir. 1991)(FTCA case); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984)(*Bivens*).

In accord with the reasoning of other courts addressing this precise issue, I conclude that Defendants are entitled to dismissal of Plaintiff's claims because they were not his "employer" for purposes of federal employment discrimination statutes.

### D. Dismissal of State Claims

Defendants argue that Plaintiff's state claims should be dismissed because he concedes in his EEOC charge that he did not file a charge with the Ohio Civil Rights Commission. (Doc. 1-1).  Under Ohio law, complaints must be filed within six months after the alleged discriminatory practice was committed. R.C. §4112.05(B)(1). Defendants point out that there is no evidence before this court that Plaintiff timely filed a charge with the OCRC at any time.

To the extent that Defendants suggest that Plaintiff's state law claim should be dismissed for failure to exhaust his administrative remedies, Defendants are mistaken. "Filing a claim with the EEOC counts as seeking an administrative remedy for the purposes of R.C. §4112.05(B)(1)." *Dunn v. Bruzzese*, 172 Ohio App.3d 320, 874 N.E.2d 1221 (Ohio App. 7 Dist., 2007).

Nevertheless, in light of the dismissal of all of Plaintiff's federal claims, I recommend the dismissal of Plaintiff's related state claims.

### E. Additional Grounds for Dismissal

Defendants offer two additional grounds for dismissal.  They contend that they cannot be held liable for the alleged discriminatory conduct because "it is clear the courts

7

are in charge of appointments, not the counties." *See* Ohio Sup.Rule 8 (stating that each court shall adopt local rules governing appointments for indigent defendants); Butler County Court of Common Pleas, General Division, Local Rule 5.04 (setting forth procedure for appointment to represent indigent defendants). Thus, Defendants argue that Plaintiff cannot show that as County Commissioners (and not the court), they were the parties responsible for removing Plaintiff's name from the public defenders list.

Last, Defendants assert that nearly all of Plaintiff's allegations are simply too conclusory. For example, they allege that his allegation that he was terminated in response to his attendance at a meeting held by the Commissioners to discuss changes to the public defender list is insufficient, because Plaintiff does not allege that he spoke at the meeting or contested the plan to institute changes. Defendants claim that Plaintiff has not alleged a prima facie case of racial discrimination because Plaintiff is not a member of a minority.[3]

I decline to reach these alternative bases for dismissal in light of the fact that all of Plaintiff's employment discrimination claims are clearly subject to dismissal on other grounds.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss (Doc. 8) be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** and stricken from the active docket.

---

[3] Defendants' argument on this issue is itself somewhat conclusory; presumably Defendants are well aware that a litigant may seek relief under Title VII for reverse racial discrimination. *See generally Ricci v. DeStefano*, 129 S.Ct. 2658 (2009).

          *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RICHARD L. HURCHANIK, | Case No. 1:09-cv-929 |
| Plaintiff, | Spiegel, J.<br>Bowman, M.J. |
| v. | |
| BUTLER COUNTY COMMISSIONERS, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).